IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| UNITED STATES | § | Criminal Action No. 9:08-CR-40 |
|---|---|---|
| v. | § § § | JUDGE RON CLARK |
| STEVEN WALTER COOKE | § § | |

**<u>ORDER</u>**

The Court enters this memorandum order to clarify rulings made on issues raised in motions in limine at the pre-trial hearing.

Evidence of a prior bad act is admissible if:

1. the bad act is relevant to an issue other than the defendant's character, such as intent, knowledge, motive, absence of mistake, etc.; and

2. the evidence must possess probative value that is not outweighed by undue prejudice.

*United States v. Duffaut*, 314 F.3d 203, 209 (5th Cir. 2002).

One important factor is the similarity of the prior bad act to the crime charged. *See United States v. Green*, 634 F.2d 222, 223 (5th Cir. 1981), *United States v. Leffebre*, 214 Fed. App'x 445, 2007 WL 162771 (5th Cir. 2007). In these cases the prior bad act alleged was the same as, or similar to, the act with which the Defendant was being charged, and therefore probative of intent or knowledge.

The conviction for theft of a firearm occurred on November 19, 1999. This was after prior felony convictions in 1993 and l997. This conviction necessarily involved possession of a firearm, and is therefore relevant to whether Mr. Cooke had the intent to possess a firearm after being previously convicted of a felony. This probative value of evidence of willingness to

1

possess a firearm after being previously convicted of a felony is not outweighed by any unfair or undue prejudice.

There is evidence to support a finding that a firearm was used in the Aggravated Robbery of August 18, 1987. The judgment in that case contains a finding by the court that a firearm was used. However, there is no evidence to support a finding that any firearm possessed during the robbery occurred after an earlier felony conviction. Therefore the aggravated robbery is not relevant to intent or knowledge concerning a charge of possession of a firearm by a convicted felon. Additionally the fact that it occurred some twenty years earlier, and at a time Mr. Cooke was not already a convicted felon leads the court to conclude that any limited probative value of this evidence is substantially outweighed by unfair and undue prejudice.

As to the firearms in the safe, the government must show, outside the presence of the jury, evidence that would link possession, (sole or joint) of the firearms to Mr. Cooke as opposed to them simply being in his mother's possession.

As to the photographs, the Government must show, outside the presence of the jury, some evidence that would establish that the photographs were taken after Defendant had been convicted of a felony. If there is evidence from which a jury could so find, the photographs would be probative of intent by Mr. Cooke to possess firearms after being convicted of a felony, and the probative value would not be outweighed by unfair or undue prejudice.

So **ORDERED** and **SIGNED** this 9 day of **April, 2009.**

_____
Ron Clark, United States District Judge